**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| INTERSTATE CONSTRUCTION, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Case No. 04-1618 C<br>(Judge Christine O.C. Miller) |

DEFENDANT'S ANSWER TO COMPLAINT

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5, to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6, to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7, to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8, to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admits the allegation contained in paragraph 12 that Interstate requested payment from NASA. The remaining allegations contained in paragraph 12 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

13. Admits the allegation contained in paragraph 13 that Interstate made requests for equitable adjustment. The remaining allegations constitute plaintiff's conclusions of law and characterizations of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies.

15. Denies.

16. Admits the allegation in paragraph 16 that Siemens brought an action against Interstate Construction, Inc. in Federal Court under the Miller Act; otherwise denies all other allegations in paragraph 16.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

19. Admits the allegations contained in paragraph 19, to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20, to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21, to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. Admits the allegation contained in paragraph 22 that Interstate submitted a request for a contracting officer's decision for indemnification, cost, and attorneys fees. The remaining allegations contained in paragraph 22 are admitted to the extent supported by the document cited, with is the best evidence of its contents. Avers that Interstate did not submit a claim on or about March 19, 2002. The contracting officer, Vivienne Gallo did not receive this submission (postmarked March 26, 2002) until April 4, 2002. Denies all other allegations contained in paragraph 22.

23. Admits the allegation contained in paragraph 23 that Vivienne Gallo, the contracting officer notified Interstate that a decision would not be made until August 2002. The remaining allegations contained in paragraph 23 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24. Admits.

25. Denies the allegations contained in the first sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second sentence of paragraph 25 to the extent supported by the document cited, which is the best evidence of its contents. Denies all other allegations contained in paragraph 25.

26. Admits the allegations set forth in the first and second sentences of paragraph 26, to the extent that they are supported by the document cited, which is the best evidence of its contents. The remaining allegations constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Admits.

28. Denies. Avers that the defendant filed its motion to dismiss on February 19, 2003. Denies all remaining allegations in paragraph 28.

29. Admits.

30. Admits.

31. Admits.

32. Admits.

33. Admits the allegations set forth in the first and second sentences of paragraph 33, to the extent that they are supported by the document cited, which is the best evidence of its contents. Denies that the document cited was filed with the contracting officer on March 24, 2004. Avers that the document cited was not received by the contracting officer, Vivienne Gallo, until May 13, 2004, because it was incorrectly addressed. Denies all remaining allegations in paragraph 33.

34. Admits.

35. Admits.

36. Admits the allegations contained in paragraph 36, to the extent supported by the document cited, which is the best evidence of its contents. Avers that Interstate had actual knowledge that NASA paid these 2 claims when Interstate signed the contract modification numbers 6 and 7 in 2000. Attached hereto as Exhibit 1 and 2 are true and correct copies of contract modification numbers 6 and 7, respectively. Further avers that Interstate had possession of these modifications in its contract files since 2000 and that the modification numbers and dates were given to plaintiff's counsel. Denies all remaining allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37, to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. Defendant’s responses to paragraphs 1-39 of the complaint are incorporated by reference.

41. Admits the allegations contained in paragraph 41 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute plaintiff's conclusions of law and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that NASA failed to pay Interstate on this claim. Avers that this claim was resolved when NASA issued bilateral contract modification number 7

on October 7, 2000. This modification was signed by Robert Reidel, Secretary/Treasurer of Interstate on October 25, 2000. Attached as Exhibit 2 is a true and correct copy of contract modification number 7. Denies all remaining allegations contained in paragraph 52.

53. The allegations contained in paragraph 53 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required. Avers that this claim was resolved when defendant issued bilateral contract modification number 6 on June 27, 2000. This modification was signed by John Hartman, Interstate's Project Manager on June 19, 2000. Attached as Exhibit 1 is a true and correct copy of contract modification number 6. Denies all remaining allegations contained in paragraph 54.

55. The allegations contained in paragraph 55 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 constitute plaintiff's conclusions of law and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 constitute plaintiff's conclusions of law and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. Denies.

62. The allegations contained in paragraph 62 constitute plaintiff's conclusions of law and characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63. Denies.

63. The allegations contained in paragraph 63 [sic] constitute plaintiff's conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

64. Denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

65. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

66. Plaintiff's claims are barred by the affirmative defense of accord and satisfaction.

67. Plaintiff's claims are barred by the affirmative defense of payment.

68. Plaintiff's claims are barred by the affirmative defense of release.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

Of Counsel:
ALEXANDER BARNA
Associate Chief Counsel for Claims and Litigation
NASA Ames Research Center
Moffet Field, CA 94035

s/ Lindsay E. Williams
LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 353-7995
Fax: (202) 514-8624

January 3, 2005

Attorneys for Defendant