IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERSTATE CONSTRUCTION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1618 |
| | ) | (Judge Christine Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

# JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rule 16 and Appendix A (II & III) of the United States Court of Federal Claims ("RCFC"), the parties, Interstate Construction, Inc. ("Interstate") and the United States, respectfully submit this Joint Preliminary Status Report:

a. Jurisdiction

Plaintiff believes that the Court has jurisdiction to hear and decide this action under the Contract Disputes Act of 1978. Defendant questions whether this Court has jurisdiction to entertain plaintiff's claims for attorney fees and costs for its defense of the Miller Act claim brought against plaintiff by its subcontractor.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should Trial Of Liability And Damages Be Bifurcated?

Assuming the case is tried, the parties agree that issues of liability and damages should be tried together.

d. Should Further Proceedings In This Case Be Deferred Pending Consideration Of Another Case Before This Court Or Any Other Tribunal?

The parties know of no other matter that may affect these proceedings.

e. In Cases Other Than Tax Refund Actions, Will A Remand Or Suspension Be Sought?

The parties agree that no remand or suspension will be sought.

f. Will Additional Parties Be Joined?

Neither party intends to join additional parties.

g. Does Either Party Intend To File A Motion Pursuant To RCFC 12(b), 12(c) Or 56 And, If So, A Schedule For The Intended Filing?

Plaintiff does not anticipate filing a motion at this time. Defendant may file a partially dispositive motion within the next 45 days. Both parties reserve the right to file a motion pursuant to RCFC 56 at or before the completion of discovery.

h. What Are The Relevant Factual And Legal Issues?

Plaintiff's Issues:

Interstate Construction, Inc. is seeking indemnification from the United States for a judgment awarded against Interstate to a subcontractor of Interstate's, Siemens Building Technologies, Inc. in an action in Federal District Court based upon the contract entered into between NASA and Interstate. Interstate and NASA entered into contract number NAS2-99039 (VDG) under which Interstate was to perform a work of improvement identified as Process Cooling System, Building N258 at NASA-Ames Research Center, Moffett Field, California. Interstate entered into a subcontract agreement with Siemens under which Siemens agreed to furnish all labor, supervision, materials, tools, equipment and supplies necessary to perform and to perform all work set forth in section 2 of the prime contract for the construction of Process Cooling System, Building N258 between Interstate and NASA. The contract between Interstate and Siemens was for the amount of $351,725.00. NASA issued Change Order Number One,

pursuant to which Siemens was to perform additional work control testing for the amount of $11,340.00. In addition, to work required by change order number one, NASA required Siemens as a sub-contractor to Interstate to perform additional monitoring of the system installed by Siemens above and beyond what was required by the contract, which resulted in extra costs for labor as well as for parts for the system by Siemens in the approximate amount of $167,646.00.

NASA maintained a direct and independent relationship with Siemens and ordered work directly from Siemens which was outside the scope of Interstate's contract with Siemens and without Interstate's knowledge or participation.

During the performance of the contract NASA demanded that extra work be performed by Interstate and Siemens in that NASA required Siemens to have an additional employee on duty 24 hrs a day to perform extra testing and system monitoring. All of this work was extra and not called for by the contract or the plans and specifications and therefore constituted a change to the contract. Thereafter, Interstate and Siemens proceeded with the modifications specified by NASA and at the specific insistence and request of NASA, Interstate and Siemens incurred additional costs for the extra work that was performed. The actual and necessary cost to Interstate for Siemens performing this extra work was $178,986.00.

The damages recovered by Siemens against Interstate were caused by NASA'S breach of its contract with Interstate in failing to pay Interstate for the extra work performed under the contract as required by NASA. Interstate's liability, if any, for these damages arose, not as a result of any actual fault on its part, but solely by operation of law, arising from NASA'S breach by ordering Siemens to perform extra work and refusing to pay for same which rendered Interstate unable to perform its agreement with Siemens.

On or about March 20, 2000 Interstate Construction, Inc., on behalf of Siemens Building Technologies, Inc., submitted a claim to NASA in the amount of $167,646.00 for extra work and delay damages suffered by Siemens in their performance of the above-referenced project. NASA rejected the claim and Siemens subsequently brought a claim against Interstate in Federal Court under the Miller Act and judgment was entered against Interstate by the United States District Court for the Northern District of California in the amount of $168,744.50. The judgment against Interstate consisted of both delay and extra work damages claimed by Siemens for work they performed on the project. The jury found that NASA was the cause of the extra work damages in the amount of $119,487.84 and NASA and Interstate were jointly at fault for the delay damages in the amount of $9,989.76. The amount of the total judgment included prejudgment interest and statutory costs. Interstate's liability for these damages in the amount of $119,487.84 for extra work damages claimed by Siemens arose, not as a result of any actual fault on its part, but solely by operation of law, arising from NASA ordering Siemens to perform extra work and refusing to pay for same which rendered Interstate unable to perform its agreement with Siemens.

Defendant's Issues:

(1) Whether this Court possesses jurisdiction to entertain, or whether plaintiff has failed to state a claim for, attorneys fees and costs for its defense of the Miller Act claim brought against Interstate by its subcontractor.

(2) Whether Interstate knowingly or with reckless disregard submitted claims to the Government for costs already paid through contract modifications.

(3) Whether, when NASA permitted Interstate and Siemens to operate the Process

Cooling System in manual mode instead of the automatic mode as required by the contract, this constituted "extra work" or merely represented NASA's consent to Interstate's mitigation of available liquidated damages.

(4) Whether NASA delayed Interstate in its performance.

i. What Is The Likelihood Of Settlement? Is Alternative Dispute Resolution Contemplated ?

Interstate believes that given the amount of this case, this case is amicable to settlement. Defendant intends to make every effort to resolve this case amicably. At this point alternative dispute resolution is not contemplated, but the parties will continue to consider this option throughout the litigation.

j. Do The Parties Anticipate Proceeding To Trial?

Interstate believes that this matter is amicable to settlement, however, Interstate anticipates that the matter may go to trial. Given the history of this matter, Interstate believes that trial of this matter should be expedited. In the event that the case proceeds to trial, it is believed that Sacramento, California would be the most appropriate location.

As stated above, defendant may file a partially dispositive motion within 45 days and both parties reserve the right to file a motion pursuant to RCFC 56. If the case proceeds to trial, defendant agrees to an expedited schedule. Defendant agrees that Sacramento, California would be the most appropriate location if it is ultimately the most convenient location for the witnesses and the Court.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

The parties are unaware of any such additional information.

m. Joint Proposed Scheduling Plan

At this time, the parties anticipate that all written and document discovery will be completed by July 1, 2005.

CONCLUSION

The parties respectfully request that the Court approve of the schedule proposed above.

Respectfully submitted,

s/Robert E. Thurbon
ROBERT E. THURBON, Esq.
THURBON & McHANEY, LP
2356 Gold Meadow Way, Suite 160
Gold River, CA 95670

February 24, 2005

Attorney for plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner by Patricia McCarthy
DONALD E. KINNER
Assistant Director

OF COUNSEL:
ALEXANDER BARNA
Asst. Chief Counsel For Claims and Litigation
NASA Ames Research Center
Building 202A, Room 110
Moffet Field, CA 94035-1000

s/Lindsay E. Williams
LINDSAY E. WILLIAMS
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 353-7995
Fax (202) 514-8624

February 24, 2005

Attorneys for Defendant